IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY D. WILLIAMS,

        Plaintiff,

v.

ERIKA JOHNSON,

        Defendants.

No. 08-CV-4085

MEMORANDUM

September 30, 2009                                                                      Pollak, J.

      Plaintiff Gary Williams brought suit against Erika Johnson, Assistant District Attorney of Sylvester Country, Georgia, asking the court to grant relief for violations of his Fourth Amendment rights arising from the issuance of an allegedly defective warrant in Sylvester County, Georgia. Before this court and ripe for disposition is defendant Johnson's motion to dismiss (docket no. 8) for lack of subject matter jurisdiction, for lack of personal jurisdiction, for improper venue, and for failure to state a claim upon which relief can be granted. Williams has failed to file an answer to the motion despite having been given ample time to respond.

I.     BACKGROUND

      The plaintiff, Gary Williams, acting *pro se,* filed a complaint alleging that his Fourth Amendment rights have been violated and named as the defendant Erika Johnson,

1

a District Attorney in Sylvester County, Georgia. Williams seeks to have an outstanding warrant quashed and also seeks damages in the amount of $20,000. Compl. ¶ 4.

Williams alleges he was first arrested on October 22, 2005 in Philadelphia, Pennsylvania, because of a warrant issued in Sylvester County, Georgia. Compl. ¶ 2. He claims that because a proper request for extradition was never issued by Georgia, he was released after 120 days in prison. Compl ¶ 2.

Williams claims that, on February 12, 2006, he was arrested by a police officer in Huntington County, New Jersey.[1] Compl. ¶ 3. Williams alleges that because his friend, the driver, was unable to show identification, Williams was asked to provide his identification. Statements of Facts, page 1, appended to Motion to Request Counsel Filed May 11, 2009 (hereinafter Statement of Facts). Williams asserts that the unidentified police officer then arrested him because of outstanding warrants against him from Lawrence Township, New Jersey, and Sylvester, Georgia. *Id*. Williams alleges that he was unjustly held for a period of four months, due to errors in both the New Jersey and the Georgia warrants. Compl. ¶ 4. Williams further alleges that he pled guilty to the charges contained in the New Jersey warrant, in exchange for a sentence limited to time served, because he feared he was in imminent danger in prison. Statements of Facts, page

---

[1] Williams has in addition to a complaint filed a "Statement of Facts" appended to a motion for appointment of counsel, which further details the allegations in the complaint. *See* Statements of Facts, appended to Motion to Request Counsel Filed May 11, 2009. The court will consider this statement of facts in evaluating the motion to dismiss in order to fulfill the duty of the court to give Williams' *pro se* filings the liberal construction necessary to do substantial justice. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citing FED. R. CIV. P. 8(f)).

3.

Williams asserts that he was later arrested in Philadelphia, Pennsylvania on July 17 of 2007[2] based on two warrants issued in Georgia. Compl.¶ 5; Statements of Facts, page 1. Williams states that after this arrest an extradition request was issued by the State of Georgia. Statement of Facts, page 4 and attached documents labeled Attachment 4. Williams asserts he was confined for ninety days at which point the extradition proceedings were voluntarily withdrawn. Statement of Facts, page 4.

Williams claims that the warrants against him in both New Jersey and Georgia were erroneously issued because the National Association of Bunco Investigators, Inc had disseminated photographs of another man labeled with Williams' alias of "Frank Smith, Jr." Statement of Facts, page 5 and Attachment 8.

On March 16, 2009, defendant Erika Johnson filed a motion to dismiss (docket no. 8) alleging lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

Williams has not filed an answer to Johnson's motion to dismiss. Since the filing of the motion to dismiss, Williams attended a pretrial conference with Magistrate Judge M. Faith Angell (docket no. 17), and filed a motion to have counsel appointed (docket no. 20), which Magistrate Judge Angell denied. Appended to Williams' motion was a

---

[2] The complaint appears to list the date as "1-17-07." Compl. ¶ 4. However, this may have been due to the top of the first digit, specifying the month, being cut off or left off, which would make a seven look like a one. Both the statement of facts and the arrest report provided by Williams list the arrest date as July 17th. Statement of Facts, page 4 and Attachment 5.

statement of facts about his claims that elaborated on the factual allegations in his complaint. At the pretrial conference, Williams indicated that he was willing to voluntarily dismiss the complaint. Judge Angell's Order of April 30th, 2009 (docket no. 19). Following the pretrial conference, Williams filed a motion for reconsideration of the denial of his motion for appointment of counsel, with the same statement of facts and additional argument attached. *See* Motion for Reconsideration Filed June 22, 2009 (docket no. 22). In this document, Williams withdrew his consent to a voluntary dismissal. *Id.* at 1.

**II.     ANALYSIS**

   *A. Williams' Failure to Respond to Johnson's Motion to Dismiss*

Despite Williams' failure to specifically answer Johnson's motion to dismiss, the merits of the motion will be considered. Local Rule 7.1 provides that, with the exception of a motion for summary judgment, "[i]n the absence of a timely response, [a] motion may be granted as uncontested." E.D. Pa. R. 7.1(c). However, the Third Circuit has held that a motion to dismiss should not be granted merely because the non-movant has failed to file a timely answer. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Instead, the court should consider the merits of the motion using what filings it has available. *Id.* Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because Williams has

failed to file an answer to the motion to dismiss, the merits of the motion will be determined using the filings he has provided to date, most importantly the complaint, but also the Statement of Facts and attached documents.

   *B. Review of the Court's Personal Jurisdiction Over Defendant Johnson*

When faced with challenges to both its subject matter jurisdiction and its personal jurisdiction, a district court has discretion to avoid a difficulty inquiry into its subject matter jurisdiction when a straightforward analysis can reveal a lack of personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585-86 (1999). Because evaluation of Johnson's defenses of absolute and qualified immunity, defenses under the Eleventh Amendment and related questions as how to construe Williams' *pro se* complaint in light of these issues may be quite difficult, the issue of personal jurisdiction will first be addressed.

The plaintiff bears the burden of establishing a court's jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). Here, the court has not held an evidentiary hearing. Thus, the plaintiff need only establish a prima facie case of personal jurisdiction while taking the plaintiff's factual allegations as true and while resolving all factual disputes in the plaintiff's favor. *Id.* (citing *Pinker*, 292 F.3d at 368).

A federal district court can only exercise personal jurisdiction over nonresident defendants if the courts of the state where the district court sits would also have personal

jurisdiction over the defendants. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). If the state long-arm statute authorizes jurisdiction, then the court must analyze whether exercise of jurisdiction would offend the Due Process Clause of the Fourteenth Amendment. *Id.* The due process limitations on the exercise of personal jurisdiction over a defendant are satisfied when the defendant has purposefully established sufficient minimum contacts with the forum and the exercise of jurisdiction comports with notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). There are two variants of personal jurisdiction, specific and general jurisdiction. *D'Jamoos*, 566 F.3d at 102. Pennsylvania treats each basis differently.

> 1. The Court does not have Specific Personal Jurisdiction Over Defendant Johnson

The Pennsylvania long-arm statute authorizes Pennsylvania courts to exercise jurisdiction up to the limits imposed by the Due Process Clause of the Fourteenth Amendment to the Constitution. 42 PA. CONS. STAT. ANN. § 5322(b).

The Third Circuit construes the Due Process Clause as having three requirements for the exercise of specific jurisdiction. In order for specific jurisdiction to exist, there must be 1) activity of the defendant purposefully directed at the forum, 2) the litigation must arise out of or relate to one or more of these activities, and 3) the exercise of jurisdiction must comport with "fair play and substantial justice." *D'Jamoos*, 566 F.3d at

6

102-03. The first two parts determine whether there are sufficient minimum contacts such that the defendant could be said to have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." *Id.* The fact that the defendant could have foreseen his conduct would have consequences in another state is not enough to establish jurisdiction, but rather the contacts must be enough that the defendant "should reasonably anticipate being haled into court there." *Id.* at 105 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Williams' complaint and subsequently filed "Statement of Facts" do not establish a prima facie case that the court has personal jurisdiction over defendant Johnson. No activity by Johnson has been alleged to have occurred in the forum or have been directed at the forum. Additionally, the only alleged relationship between the forum and the defendant is that Williams was arrested because of a warrant issued in Sylvester County, Georgia and the fact that Johnson is a prosecutor in Sylvester County.

Minimum contacts do not exist even if one were to assume that defendant Johnson caused the warrant to be issued. The mere issuance of an arrest warrant that foreseeably caused Williams to be arrested in Pennsylvania does not provide sufficient contacts to Pennsylvania for this court to exercise jurisdiction. A prosecutor cannot reasonably expect to be haled into court in Pennsylvania because she sought a warrant in Georgia based on a violation of Georgia law. In *Bush v. Adams*, No. 07-4936, 2008 WL 4791647 (E.D. Pa. 2008) (unpublished), the court found that it did not have personal jurisdiction

over police officers in Virginia even though such officers not only issued a warrant for the plaintiff's arrest in Virginia, but also made phone calls to the forum to ensure that local authorities acted on the warrants. *Id.* at *12. Johnson would not have reasonably anticipated being haled into court in Pennsylvania because of her activities in Georgia.

        2. Specific Jurisdiction Does not Exist even if the Alternative Effects Test is Used

Personal jurisdiction can exist even if the traditional three-part test is not satisfied if the conduct instead meets the "effects test," of *Calder v. Jones*, 465 U.S. 783 (1984). The Third Circuit has determined that the "effects test" requires a showing that 1) the defendant committed an intentional tort, 2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort, and 3) the defendant expressly aimed her tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Marten v. Godwin*, 499 F.3d 290, 297 (3d. Cir. 2007) (citing *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). In order to show that the defendant "'expressly aimed' [her] conduct at the forum, the plaintiff has to demonstrate 'the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.'" *Marten*, 499 F.3d at 298 (quoting *IMO*, 155 F.3d at 266). Under either the "effects test" or the traditional test of specific personal

8

jurisdiction, mere foreseeability of an effect in the forum state is not enough to establish personal jurisdiction.  *Marten*, 499 F.3d at 297.

Even if the court liberally construes the Complaint and Statement of Facts to allege that Johnson was responsible for the Sylvester County warrant, personal jurisdiction is not established, because Williams' allegations do not satisfy the third prong of the "effects test."  It may be foreseeable that an outstanding warrant could result in the detention of the person named in the warrant in another state, particularly the person's state of residence.  However, even a liberal construction of Williams' filings does not contain an allegation that Johnson "knew" Williams would be detained in Pennsylvania.  Additionally, there are none of the required allegations of specific activity that would indicate she expressly aimed her conduct at Pennsylvania.  The court lacks specific jurisdiction over defendant Johnson.

    *C.  The Court does not have General Jurisdiction over Defendant Johnson*

Pennsylvania law only authorizes a court to exercise general jurisdiction over individuals when they are present in the state when process is served, domiciled in the state when process is served, or consent to general jurisdiction.  42 PA. CONS. STAT. ANN. § 5301(a)(1).  In the present case, Williams has not alleged presence or domicile in the state at the time of service nor has he alleged that Johnson consented to jurisdiction.  Because Pennsylvania law does not authorize its courts to exercise general personal jurisdiction in this situation, this court lacks jurisdiction and it need not address whether

due process would be offended by the exercise of general jurisdiction. Williams has not presented a prima facie case that the court has general or specific jurisdiction over defendant Johnson.

Because the issue of personal jurisdiction is dispositive, the issues of subject matter jurisdiction, venue, and sufficiency of the pleadings are not addressed.

### D.  *Dismissal Instead of Transfer is the Appropriate Course of Action*

A district court may "if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Section 1631 is the proper statute to order transfer if the court lacks personal jurisdiction. *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 506 (E.D. Pa. 2004). Johnson has suggested that the complaint be dismissed or, in the alternative, transferred to the Middle District of Georgia. Because Williams has not responded to the motion to dismiss, it is unclear which course of action Williams would prefer given the potential distance between this forum and an appropriate forum. Dismissal will allow Williams to decide whether he wants to continue the litigation in the appropriate forum, which may entail paying an additional filing fee.

### III.    Conclusion

For the reasons stated above, the motion of defendant Erika Johnson to dismiss plaintiff's complaint for lack of personal jurisdiction will be granted. The complaint is

dismissed without prejudice for the plaintiff to refile in a proper forum if he so chooses.

An appropriate order accompanies this memorandum.